UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOMMY MCCOY,

    Plaintiff,

v.

FOSS MARITIME COMPANY,

    Defendant.

Case No. C04-2233L

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

## I. Introduction

This matter comes before the Court on "Defendant Foss' Motion for Summary Judgment that Plaintiff's Claims are Barred by the Statute of Limitations" (Dkt. # 22). Plaintiff Tommy McCoy is suing his employer, the Foss Maritime Company ("Foss"), for negligently exposing him to unsafe levels of workplace noise. Foss argues that because McCoy has complained of hearing loss since 1988, and reported it again in 1998, McCoy's instant cause of action, filed in October, 2004, runs afoul of the statute of limitations of the Jones Act.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

## II. Factual Background

McCoy started working for Foss as an ordinary seaman on a tug in 1979. In 1989, he was promoted to chief engineer, and continues to work as one today. The engine rooms of Foss tugs, where the chief engineers work, are dangerously noisy environments, with sound levels well above the level necessary to trigger regulation under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. ("OSHA"). Foss took steps to mitigate potential hearing damage after a 1993 OSHA inspection resulted in a fine for failure to implement noise reduction programs. Their efforts included a hearing conservation program and the testing of workers' hearing loss. Foss recently has been found liable for a hearing related injury to a seaman under the Jones Act. See Montaperto v. Foss Maritime Co., No. C98-1594Z (W.D. Wash. Nov. 9, 2000).

As early as 1988, McCoy visited a doctor to complain of hearing loss. He told his physician then that his symptoms might be caused by his work on a "noisy tug" and the physician advised him to "protect [his] ears!" Motion at 3. McCoy testified at his deposition that he had been aware since the beginning of his employment at Foss that the company advised hearing protection, that he always wore hearing protection in the engine room, and that, in 1995, at Foss's recommendation, he even began to "double up" his protection by wearing ear plugs and ear muffs. Nonetheless, McCoy renewed his hearing loss complaints in 2000.

In 2000, as part of Foss's hearing conservation program, McCoy filled out a survey in which he described a significant increase in hearing problems since 1998, including a ringing in his ears ("tinnitus") and asymmetric hearing loss. Around this same time, the plaintiff in Montaperto filed his suit against Foss. Three years later, McCoy sought treatment from a hearing specialist and confirmed to that doctor that he had experienced difficulty with his hearing for at least three years. Thus, McCoy's survey answers and his conversation with his doctor indicate that he believed he suffered from significant hearing loss at least since the fall of 2000. McCoy filed this suit four years later, on October 28, 2004. He continues to work at Foss

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

and has experienced increased tinnitus in recent years. McCoy Decl. ¶ 3.

### III. Discussion

Foss alleges, and McCoy does not dispute, that McCoy knew of his hearing loss and its cause more than three years prior to filing his suit. Foss argues that the suit is therefore barred by the Jones Act's statute of limitations. McCoy counters that because the injury was caused by a continuing tort, the statute of limitations is tolled.

The Jones Act states that an action "shall not be maintained unless commenced within three years from the date the cause of action accrued." 46 U.S.C. app. § 763a. The statute does not define "accrue." In analogous cases, courts have used three different mechanisms for identifying the starting point for the running of the statute of limitations: (1) the discovery rule, which examines when the plaintiff discovered his injury and its cause, Fries v. Chicago & Nw. Transp. Co., 909 F.2d 1092 (7th Cir. 1990) (FELA); (2) the modified continuing tort theory, which allows recovery only for injuries suffered within the limitations period, as used in Santiago v. Lykes Bros. S.S. Co., Inc., 986 F.2d 423 (11th Cir. 1993) (Jones Act); and, (3) the pure continuing tort rule, under which the limitations period commences when the defendant last committed the tort, Page v. United States, 729 F.2d 818, 821 (D.C. Cir. 1984) (FTCA).

Where the tortious act is ongoing, the Ninth Circuit has endorsed the use of the continuing tort theory. Reynolds Metals Co. v. Yturbide, 258 F.2d 321, 333 (9th Cir. 1958). In that case, plaintiffs were exposed to fluorides from Reynolds's aluminum plant beginning in 1946, and began experiencing symptoms of that exposure as early as 1948. Oregon had a two-year statute of limitations for such actions and plaintiffs' action was not filed until January, 1952. Determining that plaintiffs were exposed to and harmed by the toxins as late as November, 1950, the Court held that the continuing injurious nature of Reynolds's tortious activity tolled the statute of limitations. The Court concluded that "where the tort is continuing, the right of action is continuing." Id. at 333 (citing Hotelling v. Walther, 169 Ore. 559, 565 (1942)).

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

1   This Court has endorsed this approach in several Jones Act continuing tort actions. <u>See,
2   e.g.</u>, <u>Nasser v. Hudson Water Ways Corp.</u>, 563 F. Supp. 88, 90–91 (W.D. Wash. 1983) (Beeks,
3   J.); <u>Montaperto v. Foss Maritime Co.</u>, No. 98-1594 (W.D. Wash. Nov. 9, 2000) (Zilly, J.)
4   (unpublished); <u>Rauch v. Foss Maritime Co.</u>, No. 98-442 (W.D. Wash. July 16, 1999) (Rothstein,
5   J.) (unpublished); <u>Simpson v. Am. Seafoods Co.</u>, No. 97-0526 (W.D. Wash. July 21, 1998)
6   (Coughenour, J.) (unpublished).  These opinions hold that where the plaintiff is injured
7   progressively and where no single event is identified as the cause of the harm, plaintiff can seek
8   redress for the cumulative effect of the injury within three years of the cessation of the harm.  To
9   enforce the statute of limitations from the date of the discovery of the injury when the tortious
10  activity continues would allow the defendant "to acquire a right to continue the tortious
11  conduct." <u>Nasser</u>, 563 F.Supp. at 90.[1]

12  These reasons compel the use of the continuing tort doctrine in the instant case.  Foss is
13  alleged to have injured McCoy by an ongoing negligent act over the course of many years.
14  Some of Foss's tortious acts and McCoy's injuries have occurred within the Jones Act statute of
15  limitations of three years.  McCoy's hearing loss is not fairly traceable to one particular act, but
16  rather results from the cumulative effect of the ongoing negligence.  Finally, Foss was aware of
17  McCoy's injuries during this time.

18  This approach does not undermine the public policy that is served by a statute of
19  limitations.  Statutes of limitations exist to keep stale claims out of court. <u>Havens Realty Corp.</u>

---

[1] These opinions are persuasive to the extent that they anticipate the Ninth Circuit's approach to statutes of limitations for ongoing torts based on its opinion in <u>Reynolds</u>.  Other precedents that are relied on, however, are of dubious merit.  For example, <u>Fowkes v. Pa. R.R. Co.</u> is frequently cited as employing the continuing tort theory in a FELA action, when, in fact, the court notes that there was an explicit jury finding that plaintiff had discovered his injury within the statute of limitations.  264 F.2d 397, 398 (3d Cir. 1959).  The other FELA case cited in the Western District of Washington cases that adopts the continuing tort theory employs this misreading of <u>Fowkes</u> in support of its conclusions. <u>Fletcher v. Union P. R. Co.</u>, 621 F.2d 902, 908 (8th Cir. 1980).

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

1  v. Coleman, 455 U.S. 363 (1981).  If Foss perpetrated the tort within the last three years, the
2  cause of action is not stale.

### IV.  Conclusion

For these reasons, IT IS HEREBY ORDERED that defendant's motion for summary judgment (Dkt. # 22) is DENIED.

DATED this 24th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT

-5-